UNITED STATES DISTRICT COURT<br>
DISTRICT OF NEW JERSEY<br>
CAMDEN DIVISION

| | | |
|---|---|---|
| MICHAEL WIRTSHAFTER and STEPHANIE LEFTWICH, individually and on behalf of all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO. 12-cv-06400-WHW-SCM |
| SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| Defendant. | § § | |

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Michael Wirtshafter and Stephanie Leftwich (together, "Plaintiffs")

individually and on behalf of all others similarly situated, by their undersigned counsel, allege

the following upon personal knowledge as to their own acts and upon information and belief as

to all other matters.  Plaintiffs' information and belief is based, *inter alia*, upon the investigation

conducted by counsel.

<b><u>NATURE OF THE ACTION</u></b>

1.      This class action is brought by Plaintiffs on behalf of themselves and all others

similarly situated in the United States of America who have purchased certain defective

Samsung television sets manufactured, marketed, distributed, and/or sold by Defendant,

specifically Samsung model FP-T5084 model televisions (the "Televisions").  The Televisions

are defective in that they contain internal components called fuses that are prematurely caused to

fail during normal operation of the Televisions (the "Defect").  The Defect, which was present

upon delivery and which manifests itself over time, ultimately results in the failure of the

Televisions themselves well before the end of their expected useful life, and renders the Televisions unsuitable for their principal and intended purpose.

## PARTIES

2.      Plaintiff Michael Wirtshafter resides in Glassboro, New Jersey.  Plaintiff Wirtshafter purchased in January of 2008 for use in his home a Samsung FP-T5084 Television that was designed, manufactured, marketed, distributed, and/or sold with the Defect by Defendant.  His Television has exhibited the Defect described herein.

3.      Plaintiff Stephanie Leftwich resides in Pelham, Alabama.  Plaintiff Leftwich purchased in November of 2007 for use in her home a Samsung FP-T5084 Television that was designed, manufactured, marketed, distributed, and/or sold with the Defect by Defendant.  Her Television has exhibited the Defect described herein.

4.      Defendant Samsung Electronics America, Inc. is a New York corporation, with its principal place of business in Ridgefield Park, New Jersey.  Samsung Electronics America, Inc. is the United States holding company for Samsung Electronics Co., Ltd.'s U.S. based electronics and entertainment businesses, through which it designs, manufactures, and/or distributes consumer electronics products, and sells Samsung brand consumer products direct to the public through its international retail website Samsung.com, including the Televisions containing the Defect forming the subject matter of this action, which it caused to be placed into the stream of commerce in this District and throughout the United States.

## VENUE AND JURISDICTION

5.      This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332 because there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and because at least one plaintiff is a citizen of a

State different from defendant.  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this District because Samsung resides in this District and conducts substantial business in this District, including the promotion, sale and marketing of its products, sufficient to render all of them within the jurisdiction of this Court.  The events and conduct giving rise to the violations of law in this action constitute interstate commerce, and a significant portion thereof occurred in this District.

7.     This Court has personal jurisdiction over Samsung because it is a citizen of this state.

## SUBSTANTIVE ALLEGATIONS

8.     Samsung is in the business of manufacturing, marketing, and distributing for sale plasma, LCD, and DLP Televisions to consumers throughout the United States.  The average retail price for the Televisions is approximately $2,000.

9.     The Televisions contain a number of internal electronic components.  These components serve dedicated functions, i.e., enabling the television to power on and off, tune to a particular channel, display visual images properly, and replay audio.  The power supply board ("PSB") is an electronic component that controls power regulation and distribution to the Televisions.  A well-designed and manufactured television will have a PSB that will last the expected useful life of the Television.

10.    The PSBs in the Televisions contain ceramic fuses.  Fuses function as safety devices on the PSBs.  A fuse lies in series in a circuit between an electrical source and its associated load.  When the flow of electricity exceeds the designed threshold of the fuse, the fuse is calibrated to permanently open the series circuit, thereby disconnecting the load from the

power source.  Unlike circuit breakers, which can be reset to allow current to flow again, once a fuse disconnects, it must be discarded and replaced with a new fuse.

11.     The life of a fuse can be shortened by a number of occurrences, including overvoltage (i.e., if the specified voltage is exceeded) or heat.  When the fuses on the PSB fail, they cause the PSB to malfunction.  PSB malfunction causes the Televisions to fail to power-on when prompted and/or automatically shut down.

12.     The Televisions are defectively designed and/or use defective materials because normal operation and usage of the Televisions exposes the fuses that are found on the Televisions' PSBs to excessive heat and/or excessive voltage, which, in turn, causes the fuses to fail.  The failure of the fuses causes the PSB to malfunction and, therefore, causes the Televisions to fail before expiration of their expected useful life.

13.     Purchasers of the Televisions have paid and continue to incur substantial parts and labor fees to repair their defectively designed Televisions when they fail to operate as a result of the design defect after the expiration of the one year warranty for parts and labor.  If the electronic components contained on the PSBs in the Televisions fail after the first year of purchase, Samsung refers consumers to independent repair facilities.

14.     Because of the design defect in the Televisions, numerous purchasers of these Televisions have complained to Samsung about the Defect, as evidenced by the numerous complaints found on the Internet.  Samsung has had actual knowledge of the design defect in the Televisions, but has failed to recall the Televisions publicly in order to cure the design defect described herein.

15.     The defect described herein was a material fact related to the reliability and normal operation of the Televisions known only to Samsung.  Had Plaintiffs and members of the Class known about the defect, they would not have purchased their Televisions.

16.     Samsung has stated that a useful lifespan for its Televisions is in the tens of thousands of operational hours.  The Televisions include a 12 months parts and labor warranty. Despite the fact that the Defect was present in the Television at the time of delivery, well within these warranty limitations periods, Samsung has refused to pay for labor or diagnostic expenses for consumers with Televisions manifesting the Defect more than a year after purchase. Furthermore, Samsung has refused to pay any part of the cost of repairing Televisions that manifest the Defect one year after purchase.

17.     Consumers of Samsung's Televisions could reasonably expect their Televisions to function well beyond the 12 months parts and labor warranty provided by Samsung's boilerplate warranties.  Samsung knew or should have known that the defective design of the Televisions would render the time limitations in its written warranty grossly inadequate to protect consumers from the Defect, and would subject consumers to expensive repair costs.

18.     Plaintiffs and the members of the Class had no knowledge of the cause of the Defect and did not suspect, nor did they have reason to suspect, that the Defect was caused by Samsung's wrongdoing.  Plaintiffs and the members of the Class could not have known or reasonably discovered, nor did they have reason to know of, the Defect created by Samsung. Further, they could not have known or reasonably discovered that the Televisions they purchased were defective or that the cause of the harm suffered by Plaintiffs and the members of the Class was directly attributable to the wrongdoing by Samsung alleged herein.

19.     Plaintiffs and the Class members' lack of knowledge regarding the cause of their damages was due in large part to Samsung's concealment of material facts regarding the Defect. The fraudulent acts of concealment by Samsung included the intentional concealment and refusal to disclose facts known to Samsung about the Defect in the Televisions, which Plaintiffs and the members of the Class could not reasonably have learned, known of, or otherwise discovered.  In fact, Plaintiffs and the members of the Class did not know, nor could they have had reason to know, that Samsung's overall malfeasance in designing, manufacturing, distributing, marketing, and selling of its Televisions was a cause of their damage.

20.     Samsung, as the designers, manufacturers, marketers, distributors and sellers of the Televisions, warranted, either expressly or by implication, that the Televisions being sold to the general public were not inherently defective, and were reasonably suited for their intended purpose.  Samsung breached its agreement and warranty by doing so and Samsung made and/or allowed these misrepresentations to be made with the intent of making Plaintiffs and the members of the Class enter into agreements to purchase the Televisions.  If Plaintiffs and the members of the Class had known the facts they would not have purchased the Televisions or paid as much as they did for the Televisions.

21.     Samsung has refused to recall the Televisions and continues to deny to consumers the existence of the Defect.  Class Members are damaged in the amount of the price paid for the Televisions, as well as HDTV, cable and satellite services they are unable to utilize.

22.     The Televisions were sold to distributors and consumers with the knowledge and intent that the Televisions be used for the benefit of consumers.  Samsung and its distributors sold the defective Televisions to Plaintiffs and the members of the Class in the course of their business.  In addition, Samsung is one of the largest Internet retailers of televisions direct to

consumers in the United States through its website Samsung.com and a large portion of the Televisions at issue herein were sold directly to members of the Class by Samsung.

23.     The Televisions were not altered by Plaintiffs, the members of the Class, Samsung's distributors or other personnel.  The Televisions were defective when they left the exclusive control of Samsung and Samsung knew the Televisions would be used without additional tests for defects.  The Televisions were defective and unfit for their intended purpose and Plaintiffs and the members of the Class did not receive the goods as warranted.

24.     By engaging in the above described conduct, Samsung committed acts and omissions with actual malice and accompanied by a wanton and willful disregard of persons, including Plaintiffs and members of the Class, who foreseeably might by harmed by those acts and omissions.

25.     As a direct result of Samsung's actions set forth herein, Plaintiffs and the consumers who comprise the Class who have purchased the Televisions have suffered injury in fact, have been damaged and have suffered a loss of money or property for having paid thousands of dollars for a product that does not, cannot, and will not, work as represented and that is now worth substantially less than what consumers paid and what a non-defective Television would be worth.

## CLASS ACTION ALLEGATIONS

26.     Plaintiffs bring this action on behalf of themselves and all other members of a class consisting of all purchasers in the United States of America of the Televisions (the "Class").  Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are directors of Samsung.

27.     The Class is composed of no fewer than thousands of persons nation-wide, and is sufficiently numerous for class treatment.  The joinder of all Class members individually in one action would be impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

28.     Plaintiffs' claims are typical of the claims of the Class and Plaintiffs have no interests adverse to the interests of other members of the Class.

29.     This dispute raises questions of law and fact that are common to all Class members.  Those common questions predominate over questions that arise on an individual basis for Class members.  The common questions of law and fact include, without limitation:

(a)     Whether Samsung's representations, omissions, and conduct regarding the Televisions were misleading or false;

(b)     Whether Samsung's representations and conduct were likely to deceive consumers into believing that the Televisions operated properly;

(c)     Whether Samsung violated New Jersey's Consumer Fraud Act;

(d)     Whether Samsung undertook a course of conduct to hide the existence of the Defect from the members of the Class;

(e)     Whether the Defect constitutes a manufacturing or design defect;

(f)     Whether the members of the Class have been injured by Samsung's conduct;

(g)     Whether the members of the Class have sustained damages and are entitled to restitution as a result of Samsung's wrongdoing and, if so, what is the proper measure and appropriate formula to be applied in determining such damages and restitution; and

(h)     Whether the members of the Class are entitled to injunctive relief.

30.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in the prosecution of class action litigation.

31.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

32.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  If a Class or general public action is not permitted, Class members will continue to suffer losses and Samsung's misconduct will continue without proper remedy.

33.     Samsung has acted and refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**Violation of New Jersey's Consumer Fraud Act (NJSA 56:8-1, *et seq*.)**

34.     Plaintiffs restate and reallege all paragraphs above and in addition, state matters as set forth below.

35.     This count is brought against Samsung, pursuant to New Jersey's Consumer Fraud Act, NJSA 56:8-1, *et seq*.

36.     At all times relevant herein, New Jersey's Consumer Fraud Act was in effect. The Act prohibits any "[f]raud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice."

37.     Further, the Act prohibits any "knowing, concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression or omission in connection with the sale or advertisement of any merchandise[.]"  NJSA 56:8-2.

38.     Plaintiffs and Class members reasonably expected their Televisions to last well beyond the one-year warranty.  Samsung itself estimates its plasma Televisions have a lifespan in excess of 100,000 hours.

39.     At all times relevant herein, Samsung developed, manufactured, marketed, and sold the Televisions.

40.     The Televisions are defective because normal operation and usage of the Televisions exposes the fuses found on the PSB within the Televisions to excessive heat and/or voltage during normal operation, which, in turn, causes the fuses on the PSB to fail and thereby causes the Television to fail.

41.     Samsung had knowledge of the design defect from pre-market testing, numerous consumer complaints, and warranty claims relating to Televisions they manufactured.

42.     Plaintiffs and Class members were not aware the Televisions were defective at the time of sale.

43.     Despite Samsung's knowledge or prior notice of the defect, it omitted this material fact with the intent that Plaintiffs and Class members act upon this material omission and continued to place defective Televisions into the stream of commerce.

44.     Samsung intentionally concealed information about the defect from Plaintiffs and Class members to maximize profits.

45.     If Plaintiffs and Class members knew the Televisions were defective, they would not have purchased or paid as much as they did for the Televisions because the existence of the defect was a material fact to the transaction.  Samsung, at all relevant times, knew or should have known that Plaintiffs and members of the Class did not know or could not have reasonably discovered the defect prior to their purchases.

46.     By paying monies for these defective Televisions, Plaintiffs and members of the Class have suffered an ascertainable loss.  Samsung's conduct constitutes a violation of New Jersey's Consumer Fraud Act and entitles Plaintiffs and members of the Class to relief under this statute of statutory and actual damages, injunctive relief, and attorney fees and costs.

## SECOND CAUSE OF ACTION
### Unjust Enrichment and Restitution

47.     Plaintiffs restate and reallege all paragraphs above and in addition, state matters as set forth below.

48.     Defendant has received, and continues to receive, benefits at the expense of Plaintiffs and Class members and it is inequitable for Defendant to retain these benefits.

49.     Through its unfair and deceptive conduct, Defendant has unlawfully obtained money from Plaintiffs and the Class members for defective Televisions.

50.     As a direct and proximate result of Defendant's unlawful acts and practices, Plaintiffs and Class have paid money to Defendant for defective Televisions, and are therefore entitled to restitution and restoration of the money they paid to Defendant, along with interest thereon from the date the money was paid to Defendant to the date of judgment; and any such other and further relief as the Court may deem proper.

51.     "A person is not permitted to profit by his own wrong."  Restatement Third, Restitution and Unjust Enrichment § 3.  Defendant has profited by its own wrong.  Defendant has profited by directly selling defective Televisions and by distributing defective Televisions for sale by third-party distributors.  Defendant was at all times conscious of selling and distributing defective Televisions.  Plaintiffs and Class are therefore entitled to disgorgement of Defendant's profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A.     Declaring that this action is properly maintainable as a class action and certifying Plaintiffs as Class representatives;

B.     Awarding restitution and disgorgement as a result of Samsung's unfair business practices and untrue and misleading advertising;

C.     Awarding Plaintiffs and the Class compensatory and punitive damages as a result of Samsung's violations and enjoining Samsung from continuing the illegal practices set out above;

D.     Requiring Samsung to inform the public of the Defect possessed by its Televisions;

E.     Awarding pre- and post-judgment interest;

F.     Awarding attorney fees, expenses, and costs; and

G.     Providing such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Trial by jury is demanded.

March 11, 2013                                    Respectfully submitted,

/s/ Brian M. Felgoise, BMF4843

Brian M. Felgoise, Esq. #BF4843
Felgoise Law Firm
261 Old York Rd., Ste. 518
Jenkintown, PA 19046
215.886.1900 (telephone)
215.886.1909 (facsimile)
felgoiselaw@verizon.net

and,

William B. Federman
Oklahoma Bar No. 2853
Jennifer F. Sherrill
Oklahoma Bar No. 19703
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
405.235.1560 (*telephone*)
405.239.2112 (*facsimile*)
wbf@federmanlaw.com
jfs@federmanlaw.com
www.federmanlaw.com

and,

Cornelius P. Dukelow
Oklahoma Bar No. 19086
ABINGTON COLE
320 South Boston Avenue, Suite 1705
Tulsa, Oklahoma 74103
918.588.3400 (*telephone & facsimile*)
cdukelow@abingtonlaw.com
www.abingtonlaw.com

*Counsel to Plaintiffs*

Attorney Lien Requested